**LAW OFFICE OF IRENE KARBELASHVILI**
Irene Karbelashvili, State Bar Number 232223
Irakli Karbelashvili, State Bar Number 302971
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for RACHELLE RIDOLA, Plaintiff

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| RACHELLE RIDOLA, <br><br> Plaintiff, <br><br> vs. <br><br> STORAGE SOLUTIONS DOWNTOWN SAN JOSE, LLC, a Delaware limited liability company; and DOES 1-20, inclusive, <br><br> Defendants. | **Case No.** 16-cv-6269 <br><br> *Civil Rights* <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR DISABILITY DISCRIMINATION** <br><br><br><br><br><br> **DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1. Plaintiff RACHELLE RIDOLA ("Ms. Ridola" or "Plaintiff") seeks injunctive relief; statutory damages; attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990; California Health and Safety Code; California Unruh Civil Rights Act; California Disabled Persons Act; and California Business and Professions Code against Defendants Storage Solutions Downtown San Jose, LL, a Delaware limited liability company; and DOES 1-20,

inclusive (collectively "Defendants"), the tenants and/or owners of a storage facility known as Storage Solutions (hereinafter "Storage Facility") and located at or around 570 Cinnabar St, San Jose, CA 95110.

2. Defendants have failed to make the Storage Facility accessible to all customers, regardless of disability. Defendants have constructed and/or failed to remove significant physical barriers to accessibility for disabled individuals throughout the Storage Facility. As a result, Defendants have excluded and deterred persons with disabilities from using the Storage Facility, and denied disabled individuals full and equal access to the services that the Storage Facility offers to its abled-bodied customers.

3. Defendants' discrimination violated and continues to violate Title III of the Americans with Disabilities Act ("ADA"); the Unruh Civil Rights Act; the Disabled Persons Act; the Health and Safety Code; and the California Business and Professions Code.

4. Defendants' acts and omissions caused Ms. Ridola difficulty, discomfort, and embarrassment, and have prevented Ms. Ridola from accessing the Storage Facility's services to the same extent as, and in a manner equal to, her able-bodied peers. Plaintiff seeks injunctive relief that requires Defendants to make the Storage Facility accessible to individuals that use wheelchairs for mobility. Plaintiff also requests that this Court order Defendants to pay Ms. Ridola damages for continuing disability discrimination, and reimburse Plaintiff's attorneys' fees, costs, and litigation expenses necessary to enforce her rights under the ADA and related California law.

**PARTIES**

5. Ms. Ridola is, and at all times relevant herein was, a qualified individual with a "disability" as defined by California Government Code § 12926 and Department of Justice regulation 28 C.F.R. §36.104. Ms. Ridola has been partially paralyzed since 2013 as a result of a brain aneurism and a stroke and depends on a wheelchair for mobility. Consequently, Ms. Ridola is unable to use public accommodations that are not accessible to wheelchair users. Ms. Ridola was denied her rights to full and equal access to the Storage Facility and was denied her civil rights under both California law and federal law, because this facility was not, and is not now, properly accessible to persons with disabilities. Ms. Ridola possesses a disabled parking placard issued by the State of California. Ms. Ridola is also a resident of San Jose, California.

6. On information and belief, Defendants Storage Solutions Downtown San Jose, LLC, a Delaware limited liability company; and DOES 1-20, inclusive are the owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by the Storage Facility and subject to the requirements of federal and California law requiring full and equal access to public facilities pursuant to Health and Safety Code Part 5.5, the Unruh Act, the Disabled Persons Act, Title III of the ADA and all other legal requirements referred to in this complaint.

7. Plaintiff does not know the relative responsibilities of each of the Defendants in the operation of the facilities herein complained of, and allege joint venture and common enterprise by all such Defendants.

8. Plaintiff is informed and believes that all named Defendants including Does 1 through 20, inclusive, conspired to commit the acts described herein, or alternatively, aided and abetted one another in performance of the wrongful acts hereinafter alleged.

9. Defendants Does 1 through 20, inclusive, is the agent, ostensible agent master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the scope of his, her, or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity, and with the authorization, consent, permission, or ratification of each of the other Defendant in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each of the Defendants, as herein described.

10. Plaintiff may seek leave to amend when the true names capacities, connections, and responsibilities of Defendants are ascertained.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law,

including, but not limited to, violations of Health and Safety Code; the Unruh Act; and the Disabled Persons Act.

12. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

### INTRADISTRICT ASSIGNMENT

13. This case should be assigned to the San Jose Division as the real property which is the subject of this action is located in Santa Clara County and Plaintiff's causes of action arose in this county.

### FACTS ON WHICH ALL CLAIMS ARE BASED

14. Ms. Ridola frequently used the Storage Facility since 2015 including between April and December, 2015. Each month, Ms. Ridola requested that she be provided a ground level storage unit in order to accommodate her disability. Nonetheless, despite her repeated requests, Defendants persistently refused to provide Ms. Ridola a ground level storage unit. Consequently, Ms. Ridola's caretaker had to practically drag Ms. Ridola up the stairs so that she can make it to her storage unit. Ms. Ridola was embarrassed and humiliated by this ordeal. Ms. Ridola also had trouble utilizing the customer restroom because of the presence of various access barriers. Ms. Ridola believes that only through this civil rights action will Defendants finally take the necessary steps to make the Storage Facility compliant with the Americans with Disabilities Act and related state laws.

15. The aforementioned access barriers are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by wheelchair users. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

16. Defendants knew that these elements and areas of the Storage Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the

Storage Facility (without much difficult or expense), and make the Storage Facility accessible to disabled customers. To date, however, Defendants have failed to remove these barriers.

17. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Storage Facility to remove impediments to persons in wheelchairs and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Storage Facility to conform to accessibility standards.

## FIRST CAUSE OF ACTION
### California Health & Safety Code § 19953et seq.
### (Against all Defendants and each of them)

18. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. The Storage Facility is a place of public accommodation and, as such, must comply with the provisions of California Health & Safety Code § 19953 et seq.

20. California Health & Safety Code § 19953 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds" are "accessible to and useable by persons with disabilities." Cal. Health & Saf.Code § 19955(a); Cal. Civ. Code § 4450. Public accommodations are defined as "a building, structure, facility, complex, or improved area that is used by the general public...," Cal. Health & Saf.Code § 19955(a).

21. Places of public accommodation constructed and/or altered after January 1, 1982 must comply with accessibility requirements codified in Title 24 of the California Building Code in order to be accessible to and useable by persons with disabilities. *See* Cal. Gov't Code § 4451(c); Cal. Code Regs. Title 24-2.

22. On information and belief, the Storage Facility has undergone construction and/or alterations after January I, 1982, and as such, are subject to access requirements under Title 24-2 of the California Code of Regulations. Defendants have violated California Health and Safety Code § 19953 et seq. as the Storage Facility is not accessible to and useable by individuals with physical disabilities.

23. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953 et seq., Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

### Unruh Civil Rights Act

### Cal. Civ. Code § 51 et seq.

**(Against all Defendants and each of them)**

24. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. The Storage Facility and its parking lot are business establishments, and as such, must comply with the provisions of the Unruh Act. Cal. Civ. Code § 51 et seq.

26. The Unruh Act guarantees that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

27. The Unruh Act provides that a violation of the ADA, or of Title 24 of the California Code of Regulations, is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

28. Defendants have violated the Unruh Act by denying, or aiding or inciting the denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the subject property, and/or by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the Title 24 of the California Code of Regulations and the ADA.

29. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

### Disabled Persons Act

### Cal. Civ. Code § 54 et seq.

**(Against all Defendants and each of them)**

30. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The Storage Facility is a place of public accommodation and/or place to which the general public is invited and, as such, is obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 et seq.

32. The CDPA guarantees, inter alia, that persons with disabilities have the same right

1  as the general public to the full and free use of the streets, highways, sidewalks, walkways,
2  public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

3  33. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to
4  full and equal access, as other members of the general public, to accommodations, advantages,
   facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).
5
   34. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA,
6  California Civil Code § 54.1(d).

7  35. Defendants have violated the CDPA by, inter alia, denying and/or interfering with
8  Plaintiff right to full and equal access as other members of the general public to the
9  accommodations and advantages, due to her disability.

10 36. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3,
11 Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### Title III of the Americans with Disabilities Act
### 42 U.S.C. §12181 et seq.
### (Against all Defendants and each of them)

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Title III of the ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Storage Facility is a public accommodation under 42 U.S.C. § 12181(7).

39. Defendants have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

a) Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b) Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded to non-disabled individuals;

c) Since January 26, 1993, failing to construct facilities that are accessible to individuals with disabilities in accordance with ADA standards. 42 U.S.C. 12183(a)(1);

d) Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a);

e) Since July 26,1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304; and

f) Failing to modify their policies, practices or procedures to ensure persons with disabilities can participate in public life in a manner equal to able-bodied individuals; 28 C.F.R. § 36.302(e).

40. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. §§ 12188 and 12205, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
## VIOLATION OF UNFAIR COMPETITION ACT
**Unfair, Unlawful, Deceptive Business Practice: Bus. & Prof. Code, § 17200 et seq.**
**(Against all Defendants and each of them)**

41. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 40 of this Complaint, and incorporates them herein as if separately repled.

42. Defendants engage in business practices, offer their goods and services, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in §17200, et seq. of the Business & Professions Code.

43. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

44. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their

services are available to all members of the general public, when in fact, Defendants deny full and equal access to their services to disabled individuals who use wheelchairs by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, the Disabled Persons Act, and False Advertising Practices Act as alleged herein.

45. Pursuant to the remedies, procedures, and rights set forth in § 17203 of the Business & Professions Code, Plaintiff prays for judgment and relief as set forth hereinafter.

## SIXTH CAUSE OF ACTION
## FALSE ADVERTISING PRACTICES ACT
**Bus. & Prof. Code, § 17500 et seq.**
**(Against all Defendants and each of them)**

46. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 45 of this Complaint, and incorporates them herein as if separately repled.

47. Defendants engage in business practices, offer their goods and services, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the False Advertising Practices Act set forth in § 17500, et seq., of the Business & Professions Code.

48. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

49. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business & Professions Code, in that said Defendants have represented that their services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such services to disabled individuals who use wheelchairs by reason of Defendants' failure to comply with their legal obligations under the Unruh Act and Disabled Persons Act.

50. Pursuant to the remedies, procedures, and rights set forth in Section 17535 of the Business & Professions Code, Plaintiff prays for judgment and relief as set forth hereinafter.

# PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to California Health & Safety Code § 19953 et seq., Cal. Civ. Code § 51 et seq., Bus. & Prof. Code, §§ 17200 & 17500 et seq. and Title III of the ADA:[1]

    a. Ordering Defendants to immediately alter their facilities to make them readily accessible to and usable by individuals with disabilities; and

    b. Prohibiting the operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons.

2. Statutory minimum damages under either § 52(a) or 54.3(a) of the Cal. Civ. Code (but not both) according to proof.

3. Award attorneys' fees, litigation expenses, and costs of suit, pursuant to Title III of the ADA, 42 U.S.C. § 12205; Cal. Civ. Code §52; and §1021.5 of the California Code of Civil Procedure for the enforcement of an important right affecting the public interest.

4. Award such other and further relief as the Court may deem just and proper.


Dated: October 30, 2016        LAW OFFICE OF IRENE KARBELASHVILI

                                        By: /s/ *Irene Karbelashvili*
                                             Irene Karbelashvili
                                             Attorneys for Plaintiff
                                             RACHELLE RIDOLA

---

[1] Plaintiff does not seek injunctive relief under § 55

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: October 30, 2016            LAW OFFICE OF IRENE KARBELASHVILI

                                                  By:  /s/  *Irene Karbelashvili*
                                                      Irene Karbelashvili
                                                      Attorneys for Plaintiff
                                                      RACHELLE RIDOLA