| | |
|---|---|
| LAW OFFICE OF IRENE KARBELASHVILI<br>Irene Karbelashvili (SBN 232223)<br>Irakli Karbelashvili (SBN 302971)<br>12 South First Street, Suite 413<br>San Jose, CA 95113<br>Telephone: (408) 295-0137<br>Fax: (408) 295-0142<br><br>Attorneys for Plaintiff RACHELLE RIDOLA | SAFARIAN CHOI & BOLSTAD LLP<br>David C. Bolstad (SBN 157886)<br>Mayer, Brown, Rowe & Maw LLP<br>Litigation Department<br>550 S. Flower Street, Suite 650<br>Los Angeles, CA 90071<br>Telephone: 213-481-6574<br>Fax: 213- 225-1146<br><br>Attorneys for Defendant STORAGE SOLUTIONS DOWNTOWN SAN JOSE, LLC |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHELLE RIDOLA,<br><br>           Plaintiff,<br><br>vs.<br><br>STORAGE SOLUTIONS DOWNTOWN SAN JOSE, LLC; and DOES 1-20, inclusive,<br><br>           Defendants. | Case No. 16-cv-06269-EJD<br><br>**CONSENT DECREE AND ORDER** |

1. Plaintiff RACHELLE RIDOLA ("Plaintiff") filed a Complaint in this action for injunctive relief and damages against Defendant STORAGE SOLUTIONS DOWNTOWN SAN JOSE, LLC ("Defendant"). Plaintiff has alleged that Defendant violated Title III of the ADA; sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; sections 19955 et seq. of the California Health & Safety Code; and sections 17200 *et. seq.* and 1500 *et seq.* of the California Business and Professions Code by failing to provide full and equal access to their facility at

570 Cinnabar St, San Jose, CA 95110("Subject Property").

2. On January 6, 2016, Defendant filed an answer to Plaintiff's Complaint denying any wrongdoing or liability. Plaintiff and Defendant (collectively the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief issues in this lawsuit without the need for protracted litigation. Issues of damages and attorneys' fees, costs, and litigation expenses are subject to a separate agreement.

## JURISDICTION:

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.* andTitle 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, and 54.3.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve Plaintiff's injunctive relief claims in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's injunctive relief claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

## DENIAL OF LIABILITY:

5. Defendant denies any and all legal or equitable liability under any federal, state or local statute, regulation or ordinance, or the common law, for any damages or claims caused by or arising out of the of the physical condition of the

Subject Property or from acts or inaction. By entering into this Consent Decree, or by taking any action in accordance with it, Defendant does not admit any allegations contained herein or in the Complaint, nor does it admit any liability for any purpose or admit any issue of law or fact or any responsibility for the alleged noncompliance of the Subject Property with the Americans with Disabilities Act of 1990 (ADA), Americans with Disabilities Act Accessibility Guidelines (ADAAG), California Building Code, or any other state or federal statute, regulation or building code.

## SETTLEMENT OF INJUNCTIVE RELIEF:

6.  This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendant. The Parties agree that there is no admission or finding of liability, guilt or violation of the law, and that this Consent Decree and Order should be not be constructed as such.

7.  The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the 2010 Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order. Defendant will perform remedial work based on the issues described by the CASp Report prepared by Jeff Becker (CASp No. 468) based on his December 16, 2016 inspection of the Subject Property (the "CASp Report"), a copy of which is attached hereto as **Attachment "1"**. Defendant has agreed to all of the remedial work suggested in the Report except for items 9 (which is a City sidewalk not under the control of Defendant), 21, 30, 36, 38, 77, 79, 80, 81, 85, 86, 87, 88, 90 (office to be relocated and counter replaces, rendering this issue moot), 93, 95, 117, 118, 119, 120, 182, and 195 which the Parties have determined to not be related to Plaintiff's disability.

8. **Timing of Injunctive Relief**: The work to be performed pursuant to this Consent Decree shall be completed by December 31, 2017. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief, Defendant or its counsel will notify Plaintiff's counsel in writing within 30 days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendant's notice. Plaintiff will not unreasonably withhold consent for a reasonable extension of time to complete remediation. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court.

10. If Defendant fails to complete the corrective work on the agreed upon timetable, Plaintiff may file a motion with the Court to compel compliance with these terms only after first meeting and conferring in good faith with Defendant. Plaintiff reserves the right to seek reasonable attorneys' fees in connection with bringing such motion to compel compliance. Defendant reserves the right to oppose Plaintiff's request for attorneys' fee on the grounds that, *inter alia*, such fees are unnecessary, duplicative or otherwise not reasonable.

### DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:

11. The Parties have reached a separate settlement agreement regarding Plaintiff's claim for damages, attorneys' fees, and litigation expenses.

### ENTIRE CONSENT DECREE AND ORDER:

12. Except as set forth in the separate settlement agreement relating to Plaintiff's claim for damages, attorneys' fees, and litigation expenses, this Consent Decree and Order constitutes the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written

Consent Decree and Order, shall be enforceable regarding the matters described herein.

## CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

13. This Consent Decree and Order shall be binding on Plaintiff, Defendant, and any successors-in-interest. The Parties have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

14. Plaintiff understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, she will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order applies to all such further loss by Plaintiff with respect to the lawsuit, except those caused by Defendant subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by Plaintiff to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS

SETTLEMENT WITH THE DEBTOR.

15. Except for all obligations required in this Consent Decree and Order, Plaintiff forever discharges Defendant and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, assignees, successors, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of Defendants, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit and/or the facts and circumstances alleged therein.

**TERMINATION AND SATISFACTION:**

16. This Consent Decree and Order shall be in full force and effect for a period of six months after the injunctive relief contemplated by this Order is completed. The Court shall retain jurisdiction of this action to enforce provisions of this Order during the aforementioned term.

**SEVERABILITY:**

17. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**EXECUTION OF THIS CONSENT DECREE:**

18. This Consent Decree may be executed in counterpart signatures, and such signatures may be attached in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same instrument. Such counterparts may be signed as faxed signatures, which shall have the same force and effect as original signatures. The undersigned hereby consent to the foregoing Consent Decree.

1 | Date: April 14, 2017

By: *[signature]*
RACHELLE RIDOLA

5 | Date: 4/17/17

STORAGE SOLUTIONS DOWNTOWN
SAN JOSE, LLC
By: *[signature]*
Title: AUTHORIZED REPRESENTATIVE

10 | Approved as to form:

Date: 04-14-17

By: *[signature]*
IRENE KARBELASHVILI,
Attorney for Plaintiff

Date: _____

By: *[signature]*
DAVID BOLSTAD,
Attorney for Defendant

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: _____          _____
                                   United States District Judge